IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YONEL JEAN BAPTISTE, | : |
| Plaintiff | : |
| | : CIVIL ACTION NO. 3:18-CV-1484 |
| v. | : |
| | : (Judge Caputo) |
| KATHRYN MORRIS, *et al.*, | : |
| Defendants | : |

**M E M O R A N D U M**

Presently before the Court is Mr. Baptiste's unbriefed motion for preliminary injunction concerning the initial partial filing fee USP Canaan officials deducted from his inmate account. (ECF No. 15.) He claims the $8.40 deducted from his account encumbered all his April 2019 prison wages and left him with a zero balance. He believes the institution erred in its calculation of the initial filing fee and asks the Court to specify the exact dollar amount to be deducted. (ECF No. 15.) For the following reasons, Mr. Baptiste's motion will be denied.

**II.     Relevant Background**

Mr. Baptiste, a federal prisoner, formerly housed at the Allenwood United States Penitentiary (USP Allenwood), filed a *Bivens*[1] action pursuant to 28 U.S.C. § 1331

---

[1] In *Bivens*, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395, 91 S.Ct. 1999, 2004, 29 L.Ed.2d 619 (1971).

against prison officials at that facility. In March 2018 he filed an Amended Complaint (ECF No. 12) concerning allegations of retaliation for filing grievances regarding his medical care, denial of adequate mental health care, and his improper placement in the Special Housing Unit.[2]

When Plaintiff initiated this action he also sought leave to proceed *in forma pauperis.* (ECF No. 2.) In that motion he certified that he received $19.20 in monthly compensation and provided a copy of his inmate account statement dated July 12, 2018. (*Id.*) The following financial information was gleaned from Plaintiff's account statement: account balance - $5.36; average 6 months deposits - $254.20; average 6 months withdrawals - $249.89; and average 6 months daily balance - $11.98. (*Id.*) On March 28, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* and directed the Warden of the facility where Mr. Baptiste is housed to forward the initial partial filing fee to the Clerk of Court. (ECF No. 11.)

On April 9, 2019, Mr. Baptiste filed his motion for preliminary injunction seeking the Court to calculate his initial partial filing fee.[3] (ECF No. 15.) He attached an April 8, 2019, statement from his prison account. The statement reflects the following: account balance - $8.50; average 6 months deposits - $208.40; average 6 months withdrawals - $272.94; average 6-month daily balance - $18.31; and average 30-day balance - $27.27. (*Id.*)

On April 15, 2019, the Clerk of Court received a payment of $8.26 on Mr. Batiste's behalf toward the payment of his filing fee in this matter.

---

[2] Mr. Baptiste is currently housed at USP Canaan in Waymart, Pennsylvania.

[3] He did not file a supporting brief as required by Pa. M.D. Local Rule 7.5.

## II. Standard of Review for Preliminary Injunctions

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A) - (C).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). *See also* Fed. R. Civ. P. 65. It is the moving party who bears the burden of satisfying these factors. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original) (*quoting Morton v. Beyer*, 822 F.2d 364 (3d Cir. 1987)).

A preliminary injunction maintains the status quo pending a final decision on the merits whereas a "mandatory injunction" alters the status quo by granting injunctive relief, before trial, and as such is appropriate only in extraordinary circumstances.

*Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("A party seeking mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity.")

A party is not entitled to a preliminary injunction unless there is "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010); *see also Moneyham v. Ebbert*, 723 F. App'x 89, 93 (3d Cir. 2018) ("District Court was correct to deny [ ] requested injunction because it involved allegations unrelated to the complaint.")

### III. Discussion

Initially, the Court notes that all Defendants named in this action are employed at USP Allenwood, not USP Canaan. Additionally, the subject of Plaintiff's preliminary injunction motion (the calculation of his initial partial filing fee) has no relevancy or bearing on the issues raised in his Amended Complaint. To the extent Mr. Baptiste seeks to enjoin non-parties in this litigation for matters unrelated to the claims in his Amended Complaint, he cannot do so. It is clear that: "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought." *Elliott v. Kiesewetter*, 98 F.3d 47, 56 n. 5 (3d Cir. 1996) (quoting Fed. R. Civ. P. 65(d)). The officials at USP Canaan are not parties to this action and Plaintiff makes no factual allegations that they were acting in concert with the Defendants in this action when calculating his initial filing fee. Therefore, the Court does not have jurisdiction to enter an injunction against the USP Canaan officials. If Plaintiff wants to pursue an injunction

- 4 -

related to USP Canaan officials' deduction of fees from his inmate account, he may file a separate lawsuit based on these allegations and request injunctive relief in that case.

An appropriate order follows.

**Dated: May 2, 2019**　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**