IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YONEL JEAN BAPTISTE, | : | Civil No. 3:18-cv-1484 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| KATHRYN MORRIS, *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM[1]

Plaintiff, Yonel Jean Baptiste, a federal inmate, commenced this *pro se Bivens*,[2] 28 U.S.C.A. § 1331, civil rights action on July 15, 2018, concerning his confinement at the Allenwood United States Penitentiary (USP Allenwood), in White Deer, Pennsylvania.[3] (Doc. 1). This matter proceeds on Baptiste's amended complaint. (Doc. 12). He claims Defendants placed him in the institution's Special Housing Unit (SHU) under administrative confinement and then transferred him to a more violent prison in retaliation for his filing of grievances concerning the denial of mental health care and treatment staff misconduct.

---

[1] This matter was referred to the undersigned following the untimely passing of the Honorable A. Richard Caputo.

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou,* 438 U.S. 478, 504 (1978).

[3] Baptiste is currently housed at USP-Leavenworth, in Leavenworth, Kansas.

(*Id.*)  Named as Defendants are the following USP-Allenwood employees:  Psychologist Kathryn Morris (Dr. Morris); Treatment Specialist (TS) Marwin Reeves; Case Manager (CM) J. Moroney; Unit Manager (UM) M. Rodarmel; Special Investigations Agent (SIA) Heath; and Warden L.J. Oddo.

Presently before the Court is Defendants' motion for summary judgment, supporting brief, statement of material facts and supporting exhibits.  (Docs. 31 - 33).  Defendants argue Baptiste's action is time barred.  Baptiste filed an opposition brief and counter statement of material facts asserting Defendants failed to consider his use of the Bureau of Prisons' (BOP) administrative remedy process when making their statute of limitations calculations.  (Doc 34).  Defendants filed a reply brief conceding this point but clarifying some of Baptiste's claims were nonetheless unexhausted and therefore time barred.  (Doc. 36).  Baptiste filed a motion to file a sur reply brief, a proposed sur reply brief, and two motions to correct minor clerical and citation errors in his opposition materials.  (Docs. 37, 43 and 44).  For the following reasons, the Court will grant Baptiste's pending motions and deny Defendants' summary judgment motion without prejudice.

I.      Statement of Undisputed Facts[4]

   A.     Background Facts Regarding Baptiste & Defendants

Baptiste arrived at USP Allenwood on May 4, 2015.  (Doc. 14 at 70).  He filed his complaint on July 15, 2018.  (Docs. 1 and 32, Defs.' Statement of Facts (DSMF) at ¶ 7).  He filed his amended complaint on March 19, 2019.  (Doc. 12).   He filed over 100 pages of exhibits in support of his amended complaint.  (Doc. 14).

In October 2015, Baptiste was a voluntary participant in USP Allenwood's intensive residential treatment program, the Challenge Program, which promotes positive lifestyle changes in its members.  (*Id.* at 49).  Dr. Morris was the Challenge Program Coordinator.  (Doc. 12).  Mr. Reeves was a Specialty Treatment Specialist in the Challenge Program.  (Doc. 14 at 46).  M. Rodarmel was Baptiste's Unit Manager during his USP Allenwood stay.  (Doc. 12 at 7).  J. Moroney was Baptiste's Case Manager.  On April 4, 2016, after Baptiste made allegations of Dr. Morris' unprofessional conduct, SIA Heath advised him he would be investigating his claims.  (*Id.* at ¶ 36).  L.J. Oddo was Warden of the Allenwood Federal Correctional Complex, which includes USP Allenwood and Allenwood Federal Correctional Institution (FCI Allenwood).  (*Id.* at 7; DSMF at ¶ 1).  BOP officials transferred Baptiste from USP Allenwood to FCI Allenwood on May 18, 2016.  (DSMF at ¶ 3).  He is currently housed at USP Leavenworth.  (*Id.* at ¶ 5).

   B.     The BOP's Administrative Remedy Process & Baptiste's
          Administrative Remedy History

---

[4] The following facts are undisputed or, where disputed, the facts in dispute are so noted.

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek review of issues or submit complaints relating to any aspect of his confinement.[5]  Inmates must first attempt to resolve the matter informally with prison staff (BP-8).  *See* 28 C.F.R. § 542.13(a).  If informal resolution is unsuccessful, the inmate must submit a written complaint (BP-9) to the warden within twenty calendar days of the events giving rise to the complaint.  *See* 28 C.F.R. § 542.14.  If dissatisfied with the warden's response, the inmate may then appeal to the BOP Regional Director (BP-10) within twenty calendar days.  *See* 28 C.F.R. § 542.15(a).  An inmate may not raise in an appeal issues not raised in the lower level filings.  28 C.F.R. § 542.15(b)(2).  If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP's Central Office (BP-11) within thirty calendar days.  *See* 28 C.F.R. § 542.15(a).  No administrative remedy appeal is considered fully exhausted until it is decided on its merits by the Central Office.  *See* 28 C.F.R. §§ 542.15(a) and 542.18.  If an inmate does not receive a response within the time frame allotted, the inmate may consider the absence of a response as a denial of his appeal at that level.  *See* 28 C.F.R. § 542.18.

On September 12, 2019, Jonathan Kerr, a Senior Consolidated Legal Center Attorney at the Federal Correctional Complex in Allenwood, Pennsylvania, conducted a review of the BOP's computer-generated Administrative Remedy Generalized Retrieval

---

[5] The Court takes judicial notice of the BOP's Administrative Remedy Program, which is available to the public on its website at https://www.bop.gov/policy/progstat/1330_018.pdf (last visited May 20, 2020).

system pertaining to Baptiste's administrative remedies submitted between October 1, 2015 and September 11, 2019. (Doc. 36-1, Kerr Decl. at ¶ 13). He determined Baptiste submitted 73 administrative remedies during this timeframe. (*Id.* at ¶ 7).

On February 24, 2016, Baptiste submitted Administrative Remedy (AR) 853236-F1 concerning Dr. Morris' failure to treat his mental health "injuries". (Doc. 14 at 86 – 87). Baptiste also complains that Dr. Morris falsified a January 11, 2016 clinical contact entry in his file. (*Id.*) Warden Oddo denied the request on March 10, 2016. (*Id.* at 85). Baptiste filed a timely appeal to the Regional Director who denied it on April 22, 2016. (*Id.* at 82 – 84). On April 27, 2016, Baptiste filed a Central Office Administrative Remedy Appeal. (*Id.* at 80 – 81). The appeal was denied at final review on November 17, 2016, however as the response was late, Baptiste could have treated the lack of a timely response as a denial by June 19, 2016 in accordance with 28 C.F.R. § 542.18. (Doc. 36-1, Kerr Decl. at ¶ 8).

On April 11, 2016, Baptiste filed AR 858781-F1 after SIA Heath interviewed him concerning his complaints of Dr. Morris's fabrication of documents and retaliatory actions. Baptiste asserts that, in retaliation for his previous administrative remedies prison officials placed him in administrative custody in the SHU "pending an SIS investigation without any stated reason and/or cause for SHU placement". (Doc. 14-1 at 5 – 6). Warden Oddo responded to the administrative remedy on April 21, 2016. (*Id.* at 4). Baptiste filed a Regional Administrative Appeal on April 27, 2016. (*Id.* at 2 – 3). The Regional Director denied the appeal. (*Id.* at 1). Baptiste filed a Central Office Administrative Remedy Appeal

on May 27, 2016.  (Doc. 14 at 98, 100).  Central Office denied the appeal on July 22, 2016. (*Id.* at 99; Doc. 36-1, Kerr Decl. at ¶ 9).

While housed at USP Beaumont, Baptiste filed AR 923400-F1 on November 30, 2017, claiming that Defendants retaliated against him for filing AR 853236 and AR 858781 when they fabricated reasons for his transfer.  (Doc. 14 at 97 and Doc. 36-1, Kerr Decl. at ¶10).  The Warden at USP Beaumont denied the grievance on December 22, 2017.  (Doc. 14 at 96).  Baptiste filed an appeal to the appropriate Regional Director.  (*Id.* at 95).  On January 22, 2018, the Regional Director responded to his appeal.  (*Id.* at 94).  Baptiste filed an appeal to Central Office on February 7, 2018.  (*Id.* at 91).  Central Office denied the appeal on March 22, 2018.  (Doc. 36-1 at 29; Doc. 43-1, Kerr Decl. at ¶ 10).

On July 17, 2018, Baptiste filed AR 947272-F1 requesting that various entries in his psychological record be removed.  (Doc. 36-1, Kerr Decl. at ¶ 11).  The administrative remedy was closed on August 17, 2018, "with an explanation."  (*Id.*)  On September 6, 2018, Baptiste appealed the institution's response to the South Central Regional Director who denied it on October 9, 2018.  On November 15, 2018, Baptiste appealed the regional response to Central Office.  (*Id.*, Kerr Decl. at ¶ 11 and 34).  Central Office rejected Baptiste's appeal on November 29, 2018 due to his failure to provide the requisite documents, he was granted 15 days to refile his appeal.  (*Id.*, Kerr Decl. at ¶ 11 and 35).  Baptiste resubmitted his appeal on January 28, 2019.  (*Id.*)  Central Office denied the appeal on March 29, 2019.  (*Id.*)

### C. Baptiste's Transfer from USP Allenwood

On April 4, 2016, after Baptiste met with SIA Heath, staff placed Baptiste in USP Allenwood's SHU under Administrative Detention "pending an SIS investigation." (Doc. 14 at 67).

On May 5, 2016, Warden Oddo signed off on a transfer petition prepared by CM Moroney and UM Rodarmel, suggesting Baptiste's transfer "to an institution commensurate with his programming and security needs, such as another high level facility." (*Id.* at 70). The transfer petition was based on various discrepancies between his "BP-337 and the BP-338". (*Id.*) It also noted that "Baptiste has not programmed as recommended and his adjustment to incarceration is poor." (*Id.*) On May 18, 2016, prison officials moved Baptiste to the Allenwood Federal Correctional Institution (FCI Allenwood), a different facility at the Allenwood Federal Correctional Complex. (DSMF at ¶¶ 1 – 2). The BOP transferred Baptist from FCI Allenwood on May 31, 2016. (*Id.*, DSMF ¶ 3).

## II. Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). If a party has carried its burden under the summary judgment rule,

> Its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

8

> judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

III.   Discussion

"A *Bivens* claim, like a claim pursuant to 42 U.S.C. § 1983, is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Wilson v. United States Gov't*, 735 F. App'x 50, n. 1 (3d Cir. 2018) (internal quotations and citations omitted). In Pennsylvania, the statute of limitations for a personal injury action is two years, subject to any state law tolling provisions that are not inconsistent with federal law. *See* 42 PA. CONS. STAT. § 5524; *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Lake v. Arnold*, 232 F.3d 360, 368 – 69 (3d Cir. 2000). However, it is federal law that determines the date when a cause of action accrues. Under federal law, a civil rights cause of action accrues, and the statute of limitations begins to run "'when the plaintiff knew or should have known of the injury upon which [his] action is based.'" *Kach*, 589 F.3d at 634 (quoted cases omitted) (brackets added). A "cause of action accrues even though the full extent of the injury is not then known or predictable … Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking

relief." *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (internal quotation marks and citations omitted).

Section 1983's statute of limitations is subject to tolling. With respect to prisoner claims, the statute is tolled while the inmate plaintiff exhausts his administrative remedies. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) ("[T]he PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies"). "Equitable tolling 'can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances.'" [6] *Cunningham v. M & T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016), *as amended* (Feb. 24, 2016) (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2007)). Finally, "[t]he 'discovery rule' tolls the limitations period where the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of reasonable diligence." *Brown v. Buck*, 614 F. App'x 590, 593 (3d Cir. 2015) (nonprecedential).

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust their available administrative remedies before filing suit in court. *See* 42 U.S.C. § 1997e(a). The PLRA "mandates that an inmate exhaust … administrative remedies … before bringing suit to

---

[6] "[T]o benefit from the equitable tolling doctrine, plaintiffs have the burden of proving three necessary elements: (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006).

10

challenge prison conditions." *Ross v. Blake*, ____U.S. ____, ____, 136 S.Ct. 1850, 1854 - 555, 195 L.Ed.2d 117 (2016) (quotation omitted); *see also Booth v. Churner*, 532 U.S. 731 (2001) (same). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement applies equally to inmate civil-rights claims brought under 42 U.S.C. § 1983 or *Bivens*. *Id.* at 524.

Defendants premise their summary judgment motion on the argument that no reasonable factfinder could determine Baptiste's lawsuit was timely filed. "In sum, the record reveals that Baptiste was confined to USP Allenwood from May 4, 2015, through May 18, 2016" and he filed his complaint on July 15, 2018, after the expiration of the 2-year statute of limitations had expired. (Doc. 31 at 3). Baptiste opposes the motion arguing that Defendants' argument overlooks the tolling of the limitations period while he exhausted his administrative remedies. (Doc. 34). Defendants concede this point in their Reply brief but maintain not all of Baptiste's claims were exhausted, thus, they are untimely. (Doc. 36).

Defendants conceded that issues raised in AR 853236-F1 are not barred by the statute of limitations. (Doc. 36 at 3 – 4). In that administrative remedy Baptiste asserted Dr. Morris failed to properly treat his mental health needs and falsified a January 11, 2016 entry in his file. (Doc. 40 at 86 - 87). As relief, Baptiste sought, *inter alia*, the removal of all fabricated records authored by Dr. Morris from his psychological file. (*Id.* at 87).

Defendants admit that Baptiste's claims of USP Allenwood staff retaliation presented in AR 858781-F1 are also timely filed due Baptiste's proper exhaustion of this administrative remedy. (Doc. 36 at 4.) Here, Baptiste's claimed that SIA failed to satisfactorily address his concerns that Dr. Morris' fabricated documents in his file and that he was subjected to "subsequent act(s) of retaliation from treatment staff". (Doc. 14-1 at 5). Such retaliatory acts included his placement in "administrative detention pending an SIS investigation without any stated reason and/or cause for SHU placement". (*Id.*)

Defendants also acknowledge that claims raised in AR 923400-F1 are also timely filed. (Doc. 36 at 5). In that grievance, Baptiste alleges that he was subject to a retaliatory transfer due to filing administrative remedies against AR 853236 and AR 858781. (Doc. 14 at 97).

The statute of limitations is an affirmative defense, which must be pleaded and proved by the defendant. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Defendants concede they have not met that burden as to claims raised and addressed through the administrative remedies process with respect to AR 853236-F1, AR 858781-F1 and AR 923400-F1 which, as acknowledged by Defendants, are not time barred.[7] Accordingly, Defendants' summary judgment motion premised exclusively on the argument

---

[7] Although Defendants, through Attorney Kerr's Declaration, address Baptiste's exhaustion of AR 947272-F1, they do not take a position in their reply brief as to whether the claims addressed within that administrative remedy are subject of this action or time barred. *See* Doc. 36-1 at ¶ 11. The parties have not placed documents relevant to that administrative remedy in the record.

12

that Baptiste's complaint was filed more than 2 years after his departure from USP Allenwood will be denied without prejudice.

Even though Defendants initially made the blanket argument that all claims presented in the amended complaint were time barred, in their Reply they present a more piece meal approach and seek to examine Baptiste's exhaustion of each claim for the purpose of tolling. They suggest that Baptiste

> did not even attempt to exhaust the following claims contained in his amended complaint: the alleged due process violation claiming he was denied a hearing before being placed in the SHU; his conspiracy claim concerning his placement in the SHU and his ultimate transfer to another institution; claims that Defendant Reeves created fraudulent Administrative Notes; and, the alleged Privacy Act violations.

(Doc 36 at 5 - 6). Baptiste's sur-reply brief points out Defendants failed to previously raise the issue of exhaustion of his individual claims in their opening brief and that he properly raised all claims in the administrative remedy process. (Doc. 43.)

It is well-established that a court may decline to consider arguments raised for the first time in a reply brief. *See Garza v. Citigroup Inc.,* 881 F.3d 277, 284 – 85 (3d Cir. 2018). While Defendants understandably desire to narrow the issues in this case, there is no basis to do so on the sparse and conflicting record evidence before the Court. Nor may it be done through newly asserted claims made in a reply brief.

Other than improperly raising the issue-by-issue exhaustion challenge to Baptiste's various claims in their reply brief, Defendants fail to cite to evidence in the record supporting

13

their assertion of Baptiste's non-exhaustion of the identified claims.  The statute of limitations is an affirmative defense, as such, Defendants bear the ultimate burden of proof on the issue.  Defendants have not carried their burden as to this defense. *See Schmidt,* 770 F.3d at  249.

## IV.   Conclusion

For the reasons explained above, Defendants, motion for summary judgment based on the untimeliness of the complaint will be denied without prejudice.  Defendants will be directed to file an answer to the amended complaint.

A separate Order shall issue.

Dated:  May 27, 2020                                                                    *s/ Robert D. Mariani*
                                                                                                        Robert D. Mariani
                                                                                                        United States District Judge