IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YONEL JEAN BAPTISTE, | : | Civil No. 3:18-cv-1484 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| KATHRYN MORRIS, *et al.*, | : | |
| Defendants | : | |

MEMORANDUM

I. Background

Plaintiff Yonel Jean Baptiste ("Plaintiff"), a federal inmate housed at the Leavenworth United States Penitentiary ("USP Leavenworth"), in Leavenworth, Kansas, filed this civil rights action concerning events that transpired at USP Allenwood leading to his retaliatory discharge from a residential treatment program and transfer. (Docs. 12, 14.) Presently pending before the Court is Plaintiff's motion for appointment of counsel. (Doc. 54.) For the reasons set forth below, the Court will deny the motion without prejudice.

II. Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third

Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 F. App'x 153 (3d Cir. 2007).

Assuming that Plaintiff's claims have an arguable basis in law and fact, he fails to set forth any special circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155–56. Plaintiff bases the motion on his limited knowledge of the law, the alleged complexity of the case, and his limited ability to litigate the case due to his incarceration. Additionally, he cites the Bureau of Prison's ("BOP") response to the COVID-19 pandemic and nationwide lockdown amid civil unrest in cities across the country as barriers to his continued self-representation in this matter. (Doc. 54.) Finally, Plaintiff asks the Court to provide him with copies of various portions of the docket related to his exhaustion of administrative remedies. (Doc. 54–1.)

Plaintiff is currently being held in USP Leavenworth's Special Housing Unit awaiting transport to another facility. (Doc. 54.) Unfortunately, BOP transfers have ceased for an undetermined time until the quarantine and lockdown are modified or lifted. (*Id.* at 4.) Because Plaintiff was to be transferred the week the BOP instituted their COVID-19 quarantine practices, most, if not all, of his legal materials and property were packed and stored in the institution's Receiving and Discharge Department, where they remain today. (*Id.*) Additionally, due to his housing status and the quarantine protocols in place, Plaintiff "has been unable to have access to the Law Library in order to respond to court time frames in a timely manner." (*Id.*)

To date, Plaintiff demonstrates the ability to properly and forcefully prosecute his claims. Plaintiff's pleadings and well-reasoned response to Defendants' summary judgment

motion bear evidence to this finding. As to his concerns as to his inability to timely respond to court deadlines due to the housing status or lack of access to the law library, the Court is unaware of Plaintiff missing any such deadlines. On May 27, 2020, the Court denied Defendants' motion for summary judgment. (Doc. 53.) They have yet to answer the amended complaint. Once an answer is filed the Court will issue a scheduling order setting dates for the close of discovery and the filing of dispositive motions. Despite Plaintiff's incarceration, investigation of the facts is not beyond his capabilities. Thus, the procedural posture of this case and Plaintiff's ability to move forward with discovery does not favor the appointment of counsel currently. Next, to the extent Plaintiff is hindered by his lack of access to his legal work in this matter and asks the Court to provide him with various copies of documents, the Court will provide him with a *gratis* copy of his amended complaint and exhibits. Any future request for copies must include payment of $0.10 per page and must include a self-addressed, stamped envelope.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however, the denial will be without prejudice. As the Court in *Tabron* stated:

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua* sponte . . . even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, if future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order shall issue.

                                                                                    /s/ Robert D. Mariani
                                                                                    Robert D. Mariani
                                                                                    United States District Judge

Dated: June 15, 2020